# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1492

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Northern District of Iowa. |
| Martin Hernandez-Gomez, also known | * |
| as Felipe O. Rosas, also known as | * [UNPUBLISHED] |
| David Rodriquez, Jr., | * |
| | * |
| Appellant. | * |

_____

Submitted: August 1, 2003
Filed: October 6, 2003

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Martin Hernandez-Gomez appeals the sentence the district court[1] imposed upon his guilty plea to illegal reentry following deportation after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. He also appeals the revocation of his supervised release and imposition of an additional term of imprisonment. On appeal, counsel has moved to withdraw and has filed a brief under Anders v.

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

California, 386 U.S. 738 (1967), arguing that the district court plainly erred by revoking Hernandez-Gomez's supervised release without making a formal finding of guilt.

We conclude that we lack jurisdiction to review counsel's argument, because Hernandez-Gomez filed a notice of appeal in only the illegal-reentry case, and not the supervised-release case.  See Fed. R. App. P. 3(a)(1) (appeal of right may be taken only by filing notice of appeal with district court).

We have reviewed the record in the illegal-reentry case independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, we affirm the district court's judgment as to the illegal-reentry conviction, and we dismiss Hernandez-Gomez's appeal of the revocation of his supervised release.

_____